UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| Carl Madison, | ) | CASE NO. 5:19CV980 |
|     Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| RBC, Inc., | ) ) | **MEMORANDUM OF OPINION** |
|     Defendant. | ) ) ) | (Resolves Doc. 7) |

Pending before the Court is a motion for summary judgment filed by Defendant RBC, Inc. (Doc. 7). Plaintiff Carl Madison has not opposed the motion. RBC's motion for summary judgment is GRANTED.

**I. Facts & Procedure**

Madison filed his complaint in the small claims division of the Canton Municipal Court. RBC, however, removed the matter to this Court on May 2, 2019. Within his complaint, Madison contends that RBC failed to validate a debt despite his request and that RBC continued collection efforts after receiving his cease and desist request. Madison asserted that these two activities violated the Fair Debt Collection Practices Act.

**II. Legal Standard**

Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986). The moving party must demonstrate

to the court through reference to pleadings and discovery responses the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. at 323. This is so that summary judgment can be used to dispose of claims and defenses which are factually unsupported. *Id.* at 324. The burden on the nonmoving party is to show, through the use of evidentiary materials, the existence of a material fact which must be tried. *Id.* The court's inquiry at the summary judgment stage is "the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250.

The court's treatment of facts and inferences in a light favorable to the nonmoving party does not relieve that party of its obligation "to go beyond the pleadings" to oppose an otherwise properly supported motion for summary judgment under Rule 56(e). *See Celotex Corp. v. Catrett,* 477 U.S. at 324. The nonmoving party must oppose a proper summary judgment motion "by any kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves ..." *Id.* Rule 56(c) states, "... [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." A scintilla of evidence in favor of the nonmoving party is not sufficient.

### III. Law and Analysis

Initially, the Court notes that Madison did not respond to RBC's motion for summary judgment on his claims. A party waives opposition to an argument by failing to address it in her responsive brief. *See Dage v. Time Warner Cable*, 395 F.Supp.2d 668, 679 (S.D. Ohio 2005);

*Cunningham v. Tenn. Cancer Specialists, PLLC,* 957 F. Supp. 2d 899, 921 (E.D. Tenn. 2013). Accordingly, the Court is not required to consider the merits of RBC's argument and may grant judgment in its favor on both claims. *See Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011).

However, as review of the merits is straightforward and concise, the Court will also review the merits of Madison's claims. First, Madison contends that RBC failed to validate a debt. 15 U.S.C. § 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

The record herein establishes that RBC both provided Madison the materials to validate his debt *and* ceased collection activities. Accordingly, there is no legal basis to support a claim that RBC violated § 1692g(b).

Similarly, there is no basis to support a contention that RBC violated 15 U.S.C. § 1692c(c). While Madison alleges that RBC continued collection activities after his cease and desist letter, the record does not support that contention. Rather, the record reveals that RBC contacted Madison about a separate and distinct debt from another creditor after receipt of his first cease and desist letter. RBC properly notes that Madison cannot issue a cease and desist letter for future debts. Accordingly, RBC's initial letter regarding the second debt cannot be construed as a statutory violation.

**IV. Conclusion**

Defendant RBC's s motion for summary judgment is GRANTED. Judgment on the complaint is hereby entered in favor of Defendant.

IT IS SO ORDERED.


Date: January 30, 2020    　　　　　　　　　　　　 _/s/ John R Adams_
　　　　　　　　　　　　　　　　　　　　　　　　JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　　　U.S. DISTRICT JUDGE